FILED
BOONE CIRCUIT DISTRICT COURT
MAR 24 2011
DIANNE MURRAY, CLERK
BY ___ DC

**COMMONWEALTH OF KENTUCKY**
**BOONE CIRCUIT COURT**
**I DIVISION**
**CASE NO. 11-CI-743**

**MICHELLE SKINNER** — **PLAINTIFF**

**V.**

**CITIBANK**
**Serve: By Way of Certified Mail**
**Any Officer or Manager**
**4600 Houston Road**
**Florence, Kentucky 41042**

**JENNIFER KNOLL, Individually, and as agent of** — **DEFENDANTS**
**Serve: By Way of Certified Mail**
**4600 Houston Road**
**Florence, Kentucky 41042**

**KIM HELTON, Individually, and as agent of**
**Serve: By Way of Certified Mail**
**4600 Houston Road**
**Florence, Kentucky 41042**

---

**COMPLAINT**
**With Demand for Jury Trial**

---

Comes now the Plaintiff, Michelle Skinner, by Counsel, and for her Complaint against the Defendants, states as follows:

1. That at all times herein mentioned Plaintiff has been a resident of Grant County, Kentucky 41035.

2. That Defendant, Citibank, hereinafter "Citibank," is a foreign corporation registered with the Commonwealth of Kentucky and with a principal place of business Boone County, Kentucky, authorized to do, and is doing business in Boone County,

EXHIBIT
1
Blumberg No. 5118

Commonwealth of Kentucky with the power to sue and be sued in its said corporate capacity.

3. That at all times mentioned herein, Jennifer Knoll, hereinafter "Knoll," was an employee/supervisor/agent of Defendant Citibank, located and operated in Boone County, Kentucky. That said Knoll was acting within the scope of her employment.

4. That at all times mentioned herein, Kim Helton, hereinafter "Helton," was an employee/supervisor/agent of Defendant Citibank, located and operated in Boone County, Kentucky. That said Helton was acting within the scope of her employment.

5. All wrongful and/or negligent acts complained of herein were carried out in Boone County, Commonwealth of Kentucky.

6. Pursuant to KRS 452.460 the proper venue for this action is Boone County, Kentucky.

**Count I**

7. Plaintiff reiterates and re-alleges each and every allegation contained in paragraphs 1-6 above.

8. Approximately five years ago, Plaintiff went to work for the Defendant, Citibank. At the time of the acts complained herein, Plaintiff worked out of Defendant's location in Florence, Boone County, Kentucky.

9. Upon information and belief, Plaintiff's employment was covered under the Family Medical Leave Act 29 U.S.C. Section 2601, et al, in that Plaintiff worked for Defendant for at least 12 months, worked in excess of 1,250 hours the 12 months preceding the leave requested and the Defendant employs 50 or more employees within 75 miles of Plaintiff's work site.

17. Defendants' action violated Plaintiff's Family Medical Leave Act rights, by failing to allow Plaintiff to exercise intermittent leave and terminating Plaintiff's employment. Defendant Citibank is vicariously liable under the doctrine respondeat superior.

**Count II**

18. Plaintiff reiterates and re-alleges each and every allegation contained in paragraphs 1-17 above.

19. The Kentucky Civil Rights Act, KRS Chapter 344, prohibits certain discriminatory conduct on the part of employers.

20. KRS 344.040 prohibits discrimination and employment decisions because of the individual's race and sex.

21. KRS 344.030 defines because of sex to include "on the basis of pregnancy." Plaintiff was seeking medical leave and other protections afforded to other employees that needed time off work because of conditions other than pregnancy.

22. Defendant, Knoll and Helton, treated sick and injured employees differently with respect to leave and other employment issues that were not pregnant. Defendant sought to force Plaintiff out of work, terminating her because of her pregnancy.

23. Defendants discriminated against the Plaintiff because of her sex and pregnancy. Defendant Citibank is vicariously liable under the doctrine respondeat superior.

10. Plaintiff sought and obtained intermittent leave under the Family Medical Leave Act, due to high blood pressure and becoming pregnant.

11. Plaintiff's FMLA was intermittent, pursuant to the act.

12. That on or about March 24, 2010, while on intermittent FMLA leave, Plaintiff, was called into the office of Defendants Helton and Knoll, who informed Plaintiff that she was being terminated due to Plaintiff having missed work.

13. That while on intermittent FMLA leave, Plaintiff was entitled to missing days of work, yet Defendants Knoll and Helton terminated Plaintiff for that exact cause.

14. That Plaintiff confronted Defendants Knoll and Helton regarding Plaintiff's termination due to having missed work, and in accordance with intermittent FMLA, which was based on her pregnancy. Plaintiff was entitled to take said leave and and upon confrontation and Plaintiff informing Defendants that in fact she had approved FMLA leave, Defendants Knoll and Helton falsely accused Plaintiff of having hung up on a customer.

15. Plaintiff was entitled to intermittent leave under the Family Medical Leave Act to take care of her health both during Plaintiff's pregnancy and after the birth of Plaintiff's child.

15. Defendants, Knoll and Helton, limited Plaintiff's rights under the FMLA and terminated Plaintiff when Plaintiff was able to work.

16. Defendants did not allow Plaintiff to exercise her right to intermittent leave, per 29 C.F.R. 825.203. Instead, Defendant informed Plaintiff that she was terminated, without regard to Plaintiff's desire and ability to work.

## Count III

24. Plaintiff for her cause of action, by way of Count III, states that this claim is against Citibank, Knoll and Helton for negligent infliction of emotional distress.

25. Plaintiff incorporates by reference each and every allegation as set forth above in paragraphs 1-28, as if fully set forth herein.

26. That Defendant Citibank's condoning Defendants Knoll and Helton's conduct towards Plaintiff was extreme, outrageous and utterly intolerable in a civilized community.

27. That Defendant's, Knoll and Helton's conduct was intentional and malicious, or in the alternative was reckless disregard for the Plaintiff's legal rights.

28. That Citibank's conduct towards its agents, Knoll and Helton conduct towards Plaintiff constitutes harassment, which was intended to, and did in fact cause extreme emotional distress.

29. That as a proximate result of the Defendants extreme and outrageous conduct, the Plaintiff has suffered loss of employment and income, loss of dignity, embarrassment, humiliation and other emotional injuries.

30. That Citibank, Knoll and Helton are jointly and severally liable for the economic losses and emotional injuries, which Plaintiff has suffered as a result of their conduct.

31. That Citibank is vicariously liable for such losses, injuries and damages under the doctrine of respondeat superior.

Wherefore, Plaintiff prays and demands as follows:

1. That Defendant's actions be found to have violated Plaintiff's Family Medical Leave Act Rights and the Kentucky Civil Rights;

2. That Plaintiff be awarded compensatory damages for Defendants improper and illegal acts, including damages for wage loss, embarrassment and humiliation;

3. That Plaintiff be awarded punitive damages for the intentional and reckless conduct of the Defendant, as well as liquidated damages per the FMLA;

4. That Plaintiffs be awarded attorney's fee, expert fees and costs per KRS 344.450 and the FMLA;

5. That Plaintiffs be given all other relief to which they appear entitled; and

6. For trial by jury, for all issues so triable.

Brandon N. Voelker
THE VOELKER FIRM, PLLC
200 South Main Street
P.O. Box 70
Williamstown, Kentucky 41097
(859) 824-3361